IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

Exigent Landscaping, LLC,　　　　　　　　　　Case No. 23-46912-TJT
　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　　　　Debtor.　　　　/　　　　　Hon. Thomas J. Tucker

Mark H. Shapiro, Trustee

　　　　　　　　　　　　　　　　　　　　　　Adversary Proc. 24- 04445-tjt
　　　　　　　　　Plaintiff,

v.

SCP Distributors LLC.　　　　　　/

　　　　　　　　　Defendant.

**DEFENDANT SCP DISTRIBUTORS LLC'S**
**ANSWER AND DEFENSES TO COMPLAINT**

NOW COMES Defendant SCP Distributors LLC ("Defendant"), by and through undersigned counsel, and answers the Complaint (the "Complaint") filed by Mark H. Shapiro, in his capacity as Trustee ("Plaintiff"), as follows:

**Jurisdiction**

1.　　The allegations in Paragraph 1 are admitted upon information and belief.

2.　　The allegations contained in Paragraph 2 of the Complaint are a legal conclusion and do not require a response; however, to the extent a response is required, the allegations are denied.

3.　　The allegations contained in Paragraph 3 of the Complaint are a legal conclusion and do not require a response; however, to the extent a response is required, the allegations are denied.

4.　　The allegations in Paragraph 4 are admitted.

5. The allegations in Paragraph 5 are admitted.

6. The allegations contained in Paragraph 6 of the Complaint are a legal conclusion and do not require a response; however, to the extent a response is required, the allegations are denied

**General Allegations**

7. The allegations in Paragraph 7 are denied as written.

8. The allegations contained in Paragraph 8 of the Complaint are a legal conclusion and do not require a response; however, to the extent a response is required, the allegations are denied.

9. The allegations in Paragraph 9 are denied as written.

10. The allegations in Paragraph 10 are admitted.

11. The allegations in Paragraph 11 reference a document, the contents of which speak for themselves. Defendant denies any allegations inconsistent with the contents thereof. Furthermore, the alleged emails were quarantined in undersigned counsel's email system and undersigned counsel was not aware of said emails until after filing of this Complaint.

12. The allegations in Paragraph 12 are admitted. Undersigned counsel had begun reviewing the allegations and gathering documents; however, the suit was filed prior to undersigned counsel's ability to respond.

13. Defendant is without knowledge to confirm or deny the allegations contained in Paragraph 13; however, to the extent that a response is required, the allegations are denied.

14. The allegations in Paragraph 14 are denied as written.

**Count 1: 11 U.S.C. § 547**
**(Pre-Petition Transfers)**

15. The allegations contained in Paragraph 15 of the Complaint do not require a response; however, to the extent a response is required, the allegations are denied.

16. The allegations contained in Paragraph 16 of the Complaint are a legal conclusion and do not require a response; however, to the extent a response is required, the allegations are denied.

17. The allegations contained in Paragraph 17 of the Complaint are denied as written.

18. The allegations contained in Paragraph 18 of the Complaint are a legal conclusion and do not require a response; however, to the extent a response is required, the allegations are denied.

19. The allegations contained in Paragraph 19 are denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph of the Complaint beginning with "WHEREFORE" following Paragraph 19.

### Count 2 – 11 U.S.C § 549
### (Post-Petition Transfers)

20. The allegations contained in Paragraph 20 of the Complaint do not require a response; however, to the extent a response is required, the allegations are denied.

21. The allegations contained in Paragraph 21 are denied.

22. The allegations contained in Paragraph 22 are denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph of the Complaint beginning with "WHEREFORE" following Paragraph 22.

### Count 3 – 11 U.S.C. § 550

23. The allegations contained in Paragraph 23 of the Complaint do not require a response; however, to the extent a response is required, the allegations are denied.

24. The allegations contained in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 are denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph of the Complaint beginning with "WHEREFORE" following Paragraph 25.

### Count 4 – 11 U.S.C. § 502(d)
### Claim Disallowance

26. The allegations contained in Paragraph 26 of the Complaint do not require a response; however, to the extent a response is required, the allegations are denied.

27. The allegations contained in Paragraph 27 of the Complaint are a legal conclusion and do not require a response; however, to the extent a response is required, the allegations are denied.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the last unnumbered paragraph of the Complaint beginning with "WHEREFORE." Further, Defendant denies each and every allegation of the Complaint not specifically admitted herein. Defendant denies it is liable to Plaintiff under any theory of fact or law or that it has violated any law with respect to Plaintiff.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant asserts the following affirmative defenses without assuming any burden of proof on issues where the Plaintiff bears such burden. Further, Defendant does not waive, and hereby expressly reserves, the right to amend and/or supplement its affirmative defenses should Defendant discover any facts that support any additional affirmative defenses during these proceedings. Furthermore, Defendant does not waive and hereby expressly reserves the right to contest, at any

stage in these proceedings, the applicability of and/or the satisfaction of the elements of 11 U.S.C. §§ 547, 550, or any other section(s) now or hereafter cited by Plaintiff as entitling Plaintiff to relief.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

To the extent that the alleged transfers from the Debtor were not made within ninety (90) days prior to the Petition Date, Plaintiff may not avoid the alleged transfers pursuant to 11 U.S.C. § 547.

## FOURTH DEFENSE

Subject to, and without waiving its denial to having received any preferential transfer, to the extent that Plaintiff is able to prove that a transfer was made by the Debtor to Defendant during the preference period, any such transfers may not be avoided because, pursuant to 11 U.S.C. § 547(c)(4), subsequent to each transfer, Defendant provided value for the benefit of the Debtor, not secured by an otherwise unavoidable security interest, and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

## FIFTH DEFENSE

Plaintiff may not avoid the alleged transfers to Defendant as such alleged transfers were made in payment of debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant, were made in the ordinary course of business or financial affairs of the Debtor and Defendant, and were made according to ordinary business terms. Accordingly, the transfers are not avoidable pursuant to 11 U.S.C. § 547(c)(2).

## SIXTH DEFENSE

Plaintiff may not avoid the alleged transfers to Defendant as such alleged transfers were made in payment of debts incurred by the Debtor as a contemporaneous exchange for value. Accordingly, the transfers are not avoidable pursuant to 11 U.S.C. § 547(c)(1).

## SEVENTH DEFENSE

To the extent that the Debtor was solvent when the alleged transfers were made, Plaintiff may not avoid the transfers.

## EIGHTH DEFENSE

To the extent that Defendant has a scheduled claim, filed a valid proof of claim against the Debtor, or is entitled to administrative claim(s) against the Debtor's estate, Plaintiff may not avoid the alleged transfer to Defendant, and Defendant expressly reserves its rights to set-off any of Defendant's claims against such transfer.

## NINTH DEFENSE

Defendant reserves the right to amend or otherwise supplement these defenses based on facts revealed during discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant SCP Distributors, LLC prays that its Answer and Defenses be deemed good and sufficient and that Plaintiff's Complaint be dismissed and for all other relief, both legal and equitable, to which SCP Distributors, LLC is entitled under the circumstances.

Dated: January 29th, 2025

                                     **ADAMS AND REESE LLP**

                                     By: */s/Scott R. Cheatham*
                                           Scott R. Cheatham
                                           Louisiana Bar No. 31658
                                           Texas Bar No. 24050406
                                           Hancock Whitney Center

701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210

*Attorney for Defendant SCP Distributors, LLC*

## CERTIFCATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer and Affirmative Defenses to the Complaint has been served upon the following parties on the attached service list via electronic means or by depositing a copy of same in the United States Mail, postage prepaid and properly addressed, this 29th day of January, 2025:

Tracy M. Clark
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
Telephone: (248) 352-4700
clark@steinbergshapiro.com

*Counsel for the Trustee*

*/s/Scott R. Cheatham*
Scott R. Cheatham
