UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Exigent Landscaping, LLC,   Case No. 23-46912-TJT
                            Chapter 7
        Debtor.   Hon. Thomas J. Tucker
_____/

Mark H. Shapiro, Trustee,

        Plaintiff,
v.                          Adversary Proc. 24-04445

SCP Distributors, LLC,

        Defendant.
_____/

## REPORT OF PARTIES' RULE 26(f) CONFERENCE

Pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(f), a conference was held on February 6, 2025, via email and was participated in by:

    Tracy M. Clark, Esq. for Plaintiff
    Scott R. Cheatham, Esq. for Defendant

This is submitted as the required report of that conference.

(1)    Initial Disclosures required by Fed. R. Civ. P. 26(a)(1).

    [X]    The parties will provide such by March 26, 2025; or

    [ ]    The parties agree to provide the following at the times indicated:

(2)    Discovery Plan. The parties jointly propose to the Court the following discovery plan in conformance with Fed. R. Civ. P. 26(f)(3):

(a) Discovery will be needed on the following subjects:

All factual elements related to Plaintiff's claims and Defendant's defenses.

(b) All discovery commenced in time to be completed by July 18, 2025.

(c) Maximum of 30 interrogatories by each party to any other party. [Responses due 30 days after service.]

(d) Maximum of 30 requests for admission by each party to any other party. [Responses due 30 days after service.]

(e) Maximum of 4 depositions by Plaintiff and 4 by Defendant.

(f) Each deposition limited to maximum of 4 hours unless extended by agreement of parties.

(g) Reports from retained experts under Fed. R. Civ. P. 26(a)(2) due June 13, 2025.

(h) Supplementation under Fed. R. Civ. P. 26(e) due (time(s) or interval(s)). **Within 14 days after discovering that a disclosure or response was incomplete or inaccurate.**

(i) Discovery of electronically stored information:

(i) This adversary proceeding does __x__ does not ___ involve the discovery of electronically stored information

(ii) Pursuant to E.D. Mich. LBR 7026-4, the Model Order Relating to the Discovery of Electronically Stored Information approved by the District Court will __x__ will not ___ apply.

(3) Other Agreed Upon Items.

(a) Plaintiff is granted leave through, and the deadlines are, May 1, 2025, to join additional parties and to amend the pleadings.

(b) Defendant is granted leave through, and the deadlines are, May 1, 2025, to join additional parties and amend the pleadings.

(c) All potentially dispositive motions must be filed by August 1, 2025.

(d) The proceeding will be ready for trial by October 2025. The trial is expected to take approximately 1 trial day.

(e) Jury Trial Matters.

    (i) [X] a jury trial was <u>not</u> timely demanded and <u>is</u> waived; or

        [ ] a jury trial was timely demanded, but is waived; or
        [ ] a jury trial was timely demanded but not waived.

    (ii) [ ] the parties consent to the Bankruptcy Court conducting the jury trial; or

        [ ] the parties do not at this time consent to the Bankruptcy Court conducting the jury trial.

(f) The parties agree that:

    [X] This is a core proceeding; or

    [ ] This is a non-core proceeding otherwise related to the bankruptcy case.

(g) [X] The parties consent to the Bankruptcy Court entering a final order or judgment in this proceeding; or

    [ ] The parties do not consent to the Bankruptcy Court entering a final order or judgment in this proceeding.

(4) Other matters.

(5) Matters not agreed upon or insufficiently addressed by the foregoing.

| | |
|---|---|
| Steinberg Shapiro & Clark | Adams and Reese LLP |
| | |
| /s/ Tracy M. Clark (P60262) | /s/ with consent Scott R. Cheatham |
| Attorney for Plaintiff | Louisiana Bar No. 31658 |
| 25925 Telegraph Rd., Suite 203 | Texas Bar No. 24050406 |
| Southfield, MI 48033 | Hancock Whitney Center |
| (248) 352-4700 | 701 Poydras St., Suite 4500 |
| clark@steinbergshapiro.com | (504) 581-3234 |
| | scott.cheatham@arlaw.com |