UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Exigent Landscaping, LLC,　　　　　　　　　　Case No. 23-46912-TJT
　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　　　Debtor.　　　　　　　　　　　　Hon. Thomas J. Tucker
_____/

Mark H. Shapiro, Trustee,

　　　　　　　　Plaintiff,
v.　　　　　　　　　　　　　　　　　　　　　　Adversary Proc. 24-04445

SCP Distributors, LLC,

　　　　　　　　Defendant.
_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT SCP DISTRIBUTORS, LLC

Pursuant to Fed. R. Bankr. P. 7033, 7034, and 7036 and Fed. R. Civ. P. 33, 34, and 36, Defendant SCP Distributors, LLC is requested to prepare and file answers, fully in writing under oath, to the following Request for Admissions, Interrogatories, and Request for Production of Documents within 30 days of service of the Request for Admissions, Interrogatories, and Request for Production of Documents.

Requests for admissions and interrogatories, otherwise proper, are not necessarily objectionable merely because an answer to the request for admissions

and interrogatories involve an opinion or contention that relates to fact or the application of law to fact. **These requests for admissions, interrogatories, and requests for production of documents are continuing.** In other words, if between the time you prepare your answers and the hearing and trial, you directly or indirectly obtain further or different information or knowledge than that contained in such answers, you are required to file amended answers after receipt of such further or different information or knowledge.

In furnishing your answers to these requests for admissions and interrogatories, you are cautioned to omit nothing by way of information or detail. Plaintiff will assume that where information is not stated, it does not exist; where detail is missing, it cannot be provided.

Plaintiff will urge the Court to rule that any information or detail not furnished in your answers cannot be used by you in relation to this action in any manner.

## DEFINITIONS & INSTRUCTIONS

1. The term "document" shall have its customary broad meaning and includes, without limitation, the following items, whether original or copies: correspondence, records, schedules, tables, charts, copies of checks, reports, memoranda, notes, letters, telegrams, invoices, orders or order forms, interoffice communications, photographs, and all other written of printed material of any kind.

2. For each Request for Admission which you either deny outright or admit with qualification, state all the facts and circumstances supporting either your denial or why your admission requires qualification. *By way of example, if Request to Admit #1 asked you to admit that your car is blue, but you deny this because your car is red, your response to this interrogatory relative to Request to Admit #1 would be, in substance, "Request to Admit #1 was denied because my car is red, not blue."*

3. If an interrogatory requires you to identify a person, provide:

    A. name;
    B. current residential address;
    C. current telephone number;
    D. employer, if any;
    E. employer's current address; and
    F. employer's current telephone number.

4. If an interrogatory requires you to identify a document, provide;

    A. its date;
    B. the identity of the author or addressor;
    C. the identity of the addressee;
    D. the identity of the recipient of all copies;
    E. the present location thereof;
    F. the identity of the person presently in custody, control or possession thereof.

5. If an interrogatory requires you to state the factual basis for any answers, please identify each occurrence, incident, and/or fact upon which reliance will be based in any trial or hearing of this action to support such answer, including:

  A. the date thereof;
  B. the place thereof;
  C. the substance in detail of each occurrence, incident or fact;
  D. the source of your knowledge thereof.

  6. If an answer to an interrogatory refers to an oral conversation, include in such answer the means of communication, and the date, time and place of the oral communication. Identify all witnesses to each oral communication and the substance of each oral communication.

  7. If an answer to an interrogatory refers to a recorded statement or conversation, give the name of the person(s) who made the statement or participated in the conversation, all witnesses to the statement or conversation, the subject matter of the statement or conversation, the date of the recording, the mode of recordation, and the person or entity in possession of the recording.

  8. "Debtor" means Exigent Landscaping, LLC.

  9. "Plaintiff" means Mark H. Shapiro, Trustee.

  10. "You" or "Defendant" means SCP Distributors, LLC and all agents, representatives, consultants, attorneys, employees, and any other person or organization associated with you or acting on your behalf or under your control.

  11. "Petition Date" means August 7, 2023.

  12. "Preference Period" means the 90-day period before the Petition Date.

  13. "New Value" means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such

4
24-04445-tjt    Doc 14    Filed 02/21/25    Entered 02/21/25 14:40:16    Page 4 of 20

transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation.

14. "Pre-Petition Transfers" means each and every payment or other transfer made by the Debtor for your benefit, during the Preference Period, including each transfer identified in paragraph 7 of the Complaint.

15. "Post-Petition Transfers" means each and every payment or other transfer made by the Debtor for your benefit, after the Petition Date, including each transfer identified in paragraph 9 of the Complaint.

16. Together, the Pre-Petition Transfers and Post-Petition Transfers are referenced as "Transfers."

## REQUEST FOR ADMISSIONS

1. Admit that you received each of the Pre-Petition Transfers during the Preference Period.

**ANSWER:**

2. Admit that you received each of the Post-Petition Transfer after the Petition Date.

**ANSWER:**

3. Admit that each Transfer was a transfer of an interest of the Debtor in property.

**ANSWER:**

4. Admit that none of the Post-Petition Transfers were authorized by the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

**ANSWER:**

5. Admit that none of the Post-Petition Transfers were authorized by the U.S. Bankruptcy Court for the Eastern District of Michigan.

**ANSWER:**

6. Admit that you were a creditor of the Debtor immediately before each Pre-Petition Transfer was received.

**ANSWER:**

7. Admit that each Pre-Petition Transfer was made for or on account of an antecedent debt owed by the Debtor to you before the Transfer was made.

**ANSWER:**

8. Admit that each Pre-Petition Transfer enabled you to receive more than you would have received: (i) in a Chapter 7 liquidation under the Bankruptcy Code; (ii) had the transfer not been made; and, (iii) had you received payment of the debt satisfied by the Transfer (other than a debt that would constitute a claim under subsection 503(b)(9) of the Bankruptcy Code) pursuant to the provisions of the Bankruptcy Code.

**ANSWER:**

9. Admit that no debt paid or otherwise satisfied by any of the Pre-Petition Transfers was secured by a lien on any property of the Debtor.

**ANSWER:**

10. Admit that no debt paid or otherwise satisfied by any of the Pre-Petition Transfers would have been entitled to priority under any part of subsection 507(a) of the Bankruptcy Code in a liquidation of the Debtor under Chapter 7 of the Bankruptcy Code.

**ANSWER:**

11. Admit that you are the initial transferee of each of the Transfers.

**ANSWER:**

12. Admit that you are the entity for whose benefit the Transfers were made.

**ANSWER:**

13. Admit that you have not returned any of the Transfers to the Debtor, its bankruptcy estate, or the Plaintiff.

**ANSWER:**

14. Admit that no Pre-Petition Transfer was both (i) intended by the Debtor and you to be a contemporaneous exchange for new value given to the Debtor and (ii) in fact, a substantially contemporaneous exchange.

**ANSWER:**

15. Admit that no Pre-Petition Transfer was made in the ordinary course of business or financial affairs of the Debtor and the Defendant.

**ANSWER:**

16. Admit that no Pre-Petition Transfer was made according to ordinary business terms.

**ANSWER:**

17. Admit that you gave no new value to or for the benefit of the Debtor after you received any of the Pre-Petition Transfers.

**ANSWER:**

18. If you assert that you gave new value to or for the benefit of the Debtor after your receipt of any Transfer, admit that such new value was secured by an otherwise unavoidable security interest.

**ANSWER:**

19. If you assert that you gave new value to or for the benefit of the Debtor after your receipt of any Transfer, admit that the Debtor made, on account of such new value, a Transfer that is unavoidable under any section of the Bankruptcy Code other than section 547(c)(4).

**ANSWER:**

## INTERROGATORIES

1. Identify all Pre-Petition Transfers that are not reflected at paragraph 7 of the Complaint.

**ANSWER:**

2. Identify all Post-Petition Transfers that are not reflected at paragraph 9 of the Complaint.

**ANSWER:**


3. Identify all persons with knowledge regarding any fact alleged in the Complaint, the Answer, or your responses to these Interrogatories, and, as to each such person, summarize that knowledge.

**ANSWER:**


4. Identify each person who provided information relating to your responses to, or who otherwise participated in preparing your responses to, these First Set of Requests for Admissions, Interrogatories, Requests for Production of Documents, and for each such person (except your attorney) specify the request(s) in response to which the person provided information or otherwise participated in preparing the response.

**ANSWER:**

5. To the extent your response to any of the requests for admission is other than "admitted," identify the request(s) by number and, for each, identify the evidence and all Documents relating to your response, identify all persons having knowledge or information relating to your response, and provide a complete explanation of the basis for your response.

**ANSWER:**

6. Identify the evidence, including all communications, regarding the business relationship between the Debtor and the Defendant during the two-year period before the Petition Date, including the terms on which their business was to be conducted and all collection and other efforts on your part to obtain payment of any amount due to you.

**ANSWER:**

7. If you contend that any of the Transfers was not made to you or for your benefit, identify the Transfer(s) and, for each, identify the evidence and Documents relating to the contention and identify all persons with knowledge or information relating to the contention.

**ANSWER:**

8. If you contend that you were not a creditor of the Debtor immediately before any Pre-Petition Transfer, identify the Pre-Petition Transfer(s) and, for each, identify the evidence and Documents relating to the contention and identify all persons with knowledge or information relating to the contention.

**ANSWER:**

9. If you contend that any of the Pre-Petition Transfers was not made for or on account of an antecedent debt owed by the Debtor before such Pre-Petition Transfer was made, identify the Pre-Petition Transfer(s) and, for each, identify the evidence and Documents relating to the contention and identify all persons with knowledge or information relating to the contention.

**ANSWER:**

10. If you contend that the Debtor was solvent at the time any Pre-Petition Transfer was made, identify the Pre-Petition Transfer(s) and, for each, identify the evidence and Documents relating to the contention and identify all persons with knowledge or information relating to the contention.

**ANSWER:**

11. If you contend that any Pre-Petition Transfer did not enable you to receive more than you would have received if (i) the Debtor's bankruptcy case had been a case under Chapter 7 of the Bankruptcy Code; (ii) the Pre-Petition Transfer had not been made; and, (iii) you had received payment of the debt paid by the Pre-Petition Transfer to the extent provided by the provisions of the Bankruptcy Code, identify the Pre-Petition Transfer(s) and, for each, identify the evidence and Documents relating to the contention and identify all persons with knowledge or information relating to the contention.

**ANSWER:**

12. If you contend that any Pre-Petition Transfer is unavoidable by Plaintiff because the Pre-Petition Transfer was intended by you and the Debtor to be a contemporaneous exchange for new value given to the Debtor and was in fact a substantially contemporaneous exchange, identify each such Pre-Petition Transfer and, for each, identify the evidence relating to your contention, including:

    a. the new value allegedly given;

    b. all facts tending to suggest that you and the Debtor intended the Pre-Petition Transfer to be a contemporaneous exchange;

    c. the length of time between your receipt of the Pre-Petition Transfer and the actual provision of the new value;

13
24-04445-tjt    Doc 14    Filed 02/21/25    Entered 02/21/25 14:40:16    Page 13 of 20

d. all Documents relating to your contention; and

e. all persons with knowledge and/or information relating to the contention.

**ANSWER:**

13. If you contend that any Pre-Petition Transfer is unavoidable by Plaintiff because the Pre-Petition Transfer was in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of you and the Debtor and such Pre-Petition Transfer was made in the ordinary course of business or financial affairs of you and the Debtor,

a. identify each such Pre-Petition Transfer and, for each, identify the evidence relating to the contention, including:

i. the date on which you received the Pre-Petition Transfer;
ii. the amount and form of the Pre-Petition Transfer;
iii. the number, date, amount and credit terms of any invoice(s) paid by the Pre-Petition Transfer;
iv. the number of days between the date of such invoice and the date on which you received the Pre-Petition Transfer;
v. all Documents relating to the contention; and
vi. all persons with knowledge or information relating to the contention; and

b. for each of your invoices for which you received payment from the Debtor during the two-year period preceding the Preference Period, provide the invoice date, number, amount and payment terms, together with the date on which you received payment of that invoice (arranged chronologically by invoice date).

**ANSWER:**

      14.    If you contend that any Pre-Petition Transfer is unavoidable by the Plaintiff because the Pre-Petition Transfer was in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of you and the Debtor and such Pre-Petition Transfer was made according to ordinary business terms, identify each such Pre-Petition Transfer and, for each, identify the evidence relating to your contention, including:

        a. the business terms and payment method alleged to be ordinary;
        b. the industry in which such terms are alleged to be ordinary;
        c. all Documents relating to your contention; and
        d. all persons with knowledge or information relating to your contention.

**ANSWER:**

      15.    If you contend that any Pre-Petition Transfer is unavoidable by the Plaintiff because after such Pre-Petition Transfer you gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable

transfer to you or for your benefit, identify each such Pre-Petition Transfer and, for each, identify the evidence relating to your contention, including:

      a. the new value allegedly given;
      b. the number, amount and date of any invoice reflecting the new value;
      c. the fair market value of such new value;
      d. the date on which such new value was actually given (as opposed to the date that it was invoiced);
      e. the date, form and amount of any payment or other Transfer the Debtor made on account of the new value;
      f. any mortgage, lien, or other security interest securing the new value;
      g. all Documents relating to your contention; and
      h. all persons with knowledge or information relating to your contention.

**ANSWER:**

16.    If you contend as to any Transfer that you are neither the "initial transferee" nor the entity for whose benefit such Transfer was made, within the meaning of section 550(a)(1) of the Bankruptcy Code, identify each such Transfer and, for each, identify the evidence relating to your contention, including the identity of the initial transferee and the entity for whose benefit the Transfer was made, and identify all Documents relating to your contention and all persons with knowledge or information relating to the contention.

**ANSWER:**

17. Identify each and every employee, representative or agent of the Defendant who had responsibility for servicing, handing, or otherwise administering the Debtor's account at any time during the year preceding the Petition Date, and describe the duties performed by each such person with regard to the Debtor's account.

**ANSWER:**


18. If you contend that any Pre-Petition Transfer is unavoidable by Plaintiff by operation of any part of subsection 547(c) of the Bankruptcy Code, or for any other reason not addressed in your responses to these Interrogatories, identify each such Pre-Petition Transfer and, for each, identify the evidence relating to your contention.

**ANSWER:**


19. State all facts not otherwise stated in your answers to these Interrogatories that support any denial of the allegations contained in the Complaint, or which support any affirmative defense which you allege in any answer to the Complaint or support any contention contained in any answer, or responsive paper or pleading.

**ANSWER:**

# REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff submits the following request for production under Fed. R. Civ P. 34, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7034. Each request for production extends to all documents in your possession, custody, or control, or in the possession, custody, or control of anyone acting on your behalf.

## Document Requests

1. All Documents that are identified in, evidence, support, or relate to your responses to Interrogatories.

2. All Documents you reviewed or relied upon in preparing responses to Plaintiff's First Set of Requests for Admission and Interrogatories.

3. All Documents evidencing or relating to the sale(s) of goods or provision of services by the Defendant to or for the benefit of the Debtor that occurred during the two years before the Petition Date, including invoices, bills of lading, receipts, delivery confirmations and shipping records.

4. All Documents evidencing or relating to each transfer of money or other property by the Debtor to or for the benefit of the Defendant that occurred during the two years before the Petition Date, including copies of checks, wire transfer receipt confirmations, bank statements, and bank deposit slips.

5. All receivable ledgers, trial balances and spreadsheets concerning invoices issued by Defendant to Debtor and payments by the Debtor to the Defendant.

6. All Documents evidencing communications between the Debtor and the Defendant during the two years before the Petition Date, including communications relating to indebtedness owed by Debtor to Defendant or to the collection of such indebtedness.

7. All Documents evidencing or relating to any contract between you and the Debtor, including purchase orders and supply agreements.

8. All Documents that you intend to use at trial as exhibits or otherwise.

9. All Documents relating to any of the allegations set forth in the Complaint or your Answer, including affirmative defenses.

10. All Documents regarding, concerning, or relating to your payment term and other customer credit policy(ies) with respect to the Debtor during the two-year period before the Petition Date.

11. All Documents regarding, concerning or relating to your payment term and customer credit policy(ies) with respect to customers other than the Debtor during the two-year period before the Petition Date.

12. If you contend that a debt paid by any of the Pre-Petition Transfers was secured by a consensual lien (*e.g.*, a mortgage or security agreement), produce

all Documents that evidence or relate to your contention and all Documents that evidence or relate to the value of the property allegedly subject to the lien.

13. If you contend that a debt paid for by any of the Pre-Petition Transfers was secured by a tooling, mechanic's, other statutory, common law, or other non-consensual lien, produce all Documents that evidence or relate to your contention and all Documents that evidence or relate to the value of the property allegedly subject to the lien.

Steinberg Shapiro & Clark

/s/ Tracy M. Clark (P60262)
Attorney for Plaintiff
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: February 21, 2025